Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343

*Attorney for Plaintiff*
And those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ERIK SALAIZ, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>LEAD ELITE L.L.C. and REALTY ONE GROUP, INC.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: FILL BEFORE FILING<br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff ERIK SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against LEAD ELITE L.L.C. (“Lead Elite”) and REALTY ONE GROUP, INC., (“Realty One” or “Defendants”) to stop their illegal practice of placing unsolicited telemarketing phone calls to people on the Do Not Call list, and to redress injuries suffered by the Class. Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Defendant Realty One is a residential real estate company. Defendant Lead Elite is its marketing vendor. As a part of their marketing, Defendants placed thousands of illegal unsolicited telemarketing phone calls.

2. Defendants did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By placing phone calls to people who have registered their phone numbers on the national database, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendants to stop their illegal calling, as well as an award of statutory damages to Plaintiff and the Class members, together with costs and reasonable attorneys' fees.

## **PARTIES**

7. Plaintiff ERIK SALAIZ is a natural person residing in El Paso, Texas.

8. Defendant Lead Elite is a limited liability company organized and existing under the laws of Nevada. Lead Elite's registered agent is Registered Agents Inc., 732 S 6th St., Ste. R, Las Vegas, NV 89101.

9. Defendant Realty One Group, Inc. is a corporation organized and existing under the laws of California. Realty One's registered agent is CT Corporation System, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendants because Defendants caused the violating phone calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant Realty One is a residential real estate company. Defendant Lead Elite is its marketing vendor.

14. As part of their marketing, Lead Elite makes calls to consumers' phone numbers.

15. Defendants did not check the Do Not Call list prior to placing calls.

16. Lead Elite placed multiple unsolicited phone calls soliciting Plaintiff and the putative class on behalf of Realty One.

17. Defendants failed to obtain consent from recipients.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18. Plaintiff received unsolicited calls from Defendant.

19. On April 3, 2025, Plaintiff received three unsolicited calls from Defendant.

20. The calls marketed Realty One's residential real estate agents.

21. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

22. None of the alleged calls were made to Plaintiff for emergency purposes.

23. Defendants are not registered pursuant to § 302.101 of the Texas Bus. & Com. Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain any registration by Defendant.

24. Defendants do not qualify for an exemption under § 302.053.

25. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls caused frustration, annoyance, were a nuisance; disturbed Plaintiff's solitude, and depleted Plaintiff's cell phone battery.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class.** All persons in the United States who: (1) from the last 4 years to present (2) Lead Elite called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time of the call.
>
> **TCPA Texas Subclass.** All persons in Texas who: (1) from the last 4 years to present (2) Lead Elite called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time of the call.
>
> **Texas Registration**. All persons in Texas who: (1) from the last 4 years to present (2) Lead Elite called

27. The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from any Class; (4) persons whose claims in this matter have been finally

adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of members of each Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Lead Elite placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited messages.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

a. Whether the phone calls were caused by Defendants;

b. Whether Defendants obtained prior express written consent;

c. Whether Plaintiff is entitled to treble damages based on the knowing and/or willful nature of Defendants' conduct;

d. Whether Defendants obtained a Texas telemarketing registration certificate;

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the Class)**

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

36. Lead Elite placed unsolicited phone calls to Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so. The calls were placed on behalf of Realty One

37. Defendants' actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

38. The phone calls were made for the purpose of selling to consumers.

39. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

40. Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**SECOND CAUSE OF ACTION**
**Violations of The Texas Business & Com. Code § 305.053**
**(On behalf of Plaintiff and the Texas Subclass)**

41. Plaintiff incorporates the foregoing allegations as if set forth herein.

42. The foregoing acts and omissions of Defendants constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq.

43. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendants did not respond.

44. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

45. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

**THIRD CAUSE OF ACTION**
**Violations of Texas Bus. & Com. Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass)**

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. Defendants made solicitation sales calls to Plaintiff without having a valid telephone solicitation registration certificate as required under Tex. Bus. & Com. Code § 302.101.

48. As a result of Defendants' violations of Tex. Bus. & Com. Code § 302.101, Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. & Com. Code § 302.302(a).

49. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Bus. & Com. Code § 17.505(a) to Defendant, but Defendants did not respond.

50. As a result of Defendants' violations of Tex. Bus. & Com. Code § 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate § 227(c) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendants' conduct was willful and knowing;

D. An award of $1,500 per call in statutory damages arising from § 227(c) for each intentional violation;

E. An award of $1,500 per call in statutory damages arising from each violation of Texas Bus. & Com. Code § 305.053;

F. An award of $5,000 per call in statutory damages arising from each violation of Texas Bus. & Com. Code § 302.101;

G. An injunction requiring Defendants to cease all unlawful phone calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 3, 2025

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, the foregoing was filed through the Court's electronic filing system and will be sent electronically to all parties of record via the Court's electronic filing system.

Date: September 3, 2025

/s/ Mark L. Javitch
Mark L. Javitch